IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHERIE HENDRICKS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | Complaint for violation of Civil Rights |
| Policemen's Annuity and Benefit Fund of | ) | and Supplemental State Claims |
| Chicago, Ken Hauser, James Maloney, | ) | |
| Brian Wright, Tom Benya, Haydee | ) | **JURY DEMANDED** |
| Caldero, Carol Hamburger, Kurt | ) | |
| Summers, Carole Brown, Regina Tuczak | ) | |
| and Bob Crawford, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JURISDICTION AND VENUE

1. This action arises under the U.S. Constitution, the Civil Rights Act of 1871 (42 U.S.C. § 1983). This court has jurisdiction under and by virtue of its supplemental jurisdiction and 28 U.S.C §§ 1331 and 1343.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned Plaintiff, Cherie Hendricks, was an employee of the City of Chicago.

4. At all times herein mentioned, Defendant, Policemen's Annuity and Benefit Fund of Chicago, was an entity existing, and operating within the jurisdiction of this Court.

5. At all times herein mentioned, Defendant Ken Hauser, President of the Policemen's Annuity and Benefit Fund of Chicago, was acting under color of state law and as

1

the employee, agent, or representative. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Defendant James Maloney, Recording Secretary of the Policemen's Annuity and Benefit Fund of Chicago, was acting under color of state law and as the employee, agent, or representative. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, Defendant Brian Wright, Vice President of the Policemen's Annuity and Benefit Fund of Chicago, was acting under color of state law and as the employee, agent, or representative. This Defendant is being sued in his individual capacity.

8. At all times herein mentioned, Defendant Tom Benya, Elected Trustee of the Policemen's Annuity and Benefit Fund of Chicago, was acting under color of state law and as the employee, agent, or representative. This Defendant is being sued in his individual capacity.

9. At all times herein mentioned, Defendant Haydee Caldero, Appointed Trustee of the Policemen's Annuity and Benefit Fund of Chicago, was acting under color of state law and as the employee, agent, or representative. This Defendant is being sued in her individual capacity.

10. At all times herein mentioned, Defendant Carol Hamburger, Appointed Trustee of the Policemen's Annuity and Benefit Fund of Chicago, was acting under color of state law and as the employee, agent, or representative. This Defendant is being sued in her individual capacity.

11. At all times herein mentioned, Defendant Kurt Summers, Appointed Trustee of the Policemen's Annuity and Benefit Fund of Chicago, was acting under color of state law and as the employee, agent, or representative. This Defendant is being sued in his individual capacity.

12. At all times herein mentioned, Defendant Carole Brown, Appointed Trustee of the Policemen's Annuity and Benefit Fund of Chicago, was acting under color of state law and as the employee, agent, or representative. This Defendant is being sued in her individual capacity.

13. At all times herein mentioned, Defendant Regina Tuczak, Executive of the Policemen's Annuity and Benefit Fund of Chicago, was acting under color of state law and as the employee, agent, or representative. This Defendant is being sued in her individual capacity.

14. At all times herein mentioned, Defendant Bob Crawford, Disability Benefits Manager of the Policemen's Annuity and Benefit Fund of Chicago, was acting under color of state law and as the employee, agent, or representative. This Defendant is being sued in his individual capacity.

## COUNT I
## PETITION FOR ADMINISTRATIVE REVIEW

Petitioner, CHERIE N. HENDRICKS, by her attorney, Edward M. Fox of ED FOX & ASSOCIATES, LTD., pursuant to the Administrative Review Act, 735 Illinois Compiled Statutes, Section 5/3-101 *et seq.*, inclusive, (1993), alleges as follows:

15. Petitioner, CHERIE N. HENDRICKS, ("CHERIE") was at all times relevant hereto a member of the Chicago Police Department and has been a member since December 18, 2000.

16. On July 13, 2017, CHERIE applied for disability benefits under the provisions of the Policemen's Annuity Benefit Fund Laws of the State of Illinois. (See Exhibit "A")

17. On August 31, 2017, the BOARD at its scheduled monthly meeting and without notice to CHERIE or her counsel "considered" her request.

18. The BOARD then prepared and entered an Order dated September 28, 2017 which was served on her counsel on October 2, 2017. Said Order found that CHERIE's

application seeking ordinary disability benefits was not yet "ripe" for the BOARD's consideration because:

    a.    CHERIE has not yet exhausted all available medical time off from the Chicago Police Department for which she is entitled to full pay and benefits;

    b.    CHERIE has not received certification of her injury or illness from the Chicago Police Department medical services section.

    c.    CHERIE's matter is more properly before the Chicago Police Department pursuant to a grievance.

(See Exhibit "B")

19. The Order entered by the BOARD dated September 28, 2017 is clearly erroneous, against the manifest weight of the evidence and contrary to law for the following reasons:

    A.    the Board's Order is clearly erroneous and against the manifest weight of the evidence; and

    B.    the Board's "determination" and its Order are clearly erroneous and contrary to law because they are based upon an improper interpretation of Sections 5/115, 5/5-154, 5/5-155, and 5/5-156 of the Illinois Pension Code (40 ILCS 5/5-101 et. sq.)

## COUNT II
### PLAINTIFF AGAINST ALL INDIVDUALLY NAMED DEFENDANTS FOR VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS – SECTION 1983

20. Plaintiff, Cherie Hendricks, hereby incorporates and re-alleges paragraphs 1-19 (one through nineteen) as though fully alleged at this place.

21. Plaintiff, Hendricks has been a Chicago Police Officer since December 18, 2000.

22. In the course of her duties, Hendricks has suffered traumatic brain injuries on multiple occasions causing her, at least in part, mental and emotional health problems.

23. In or about January 2013 Hendricks was arrested on a misdemeanor. The case was dismissed. Nevertheless, Plaintiff was stripped of her police powers and placed on limited duty status. The misdemeanor case was subsequently expunged.

24. Plaintiff remained stripped of her police powers and limited duty status for over 4 years while the Chicago Police Internal Affairs Division purportedly investigated the arrest. There was no explanation for the length of the investigation.

25. During the time that Plaintiff was on limited duty status, she became very depressed and suffered from, among other things, stress and PTSD. She was in voluntary treatment for her mental health issues and had taken a medical leave on or about June 20, 2016.

26. In or about August 2016, Plaintiff was "psyched" and put on a forced/involuntary medical leave in which she was directed to see a police department psychiatrist. There was no reasonable cause to place her in an involuntary medical leave, and such involuntary leave operates to jeopardize Plaintiff's police career.

27. On or about May 25, 2017, Plaintiff was served with a suspension notice arising out of the investigation of her arrest roughly 4 years earlier. As a result of being placed on suspension, Plaintiff then began receiving no pay or benefits, including medical insurance. There was no reasonable cause to suspend the Plaintiff, and such supervisor is among other things in violation of Plaintiff's rights under the Americans with Disabilities Act.

28. Plaintiff is informed and believes that the Police Board is now seeking to terminate Plaintiff.

29. Subsequently, because of her mental status and because Plaintiff was receiving no pay or benefits, Plaintiff tried several times to apply to Bob Crawford, Disability Benefits Manager, for disability from May through July, 2017, but Crawford would not provide the application to Plaintiff for her to apply, thus causing Plaintiff additional harm.

30. With the help of an attorney, and also being required to undertake certain tasks to apply for disability benefits that similarly situated others did not have to undertake. Plaintiff was finally able to obtain an application.

31. Upon filing the application, Bob Crawford told Plaintiff that she would never obtain the required hearing, nor would she ever get disability benefits , and that giving her the application was just a "formality."

32. As alleged in Count I, Plaintiff has not been given a proper noticed hearing on her disability application and, in fact, will likely never obtain a proper hearing.

33. On September 28, 2017, a purported hearing on Plaintiff's application took place. However, before this "hearing" neither Plaintiff or her attorney were informed that it was going to take place.

34. In violation of Plaintiff's due process rights, the Board made certain findings and orders that are unlawful. Among the findings that were made that have no relevance to the statute authorizing disability pay are that "the CPD Medical Services Section had not, …certified Hendricks' injury or illness," and Hendricks had not yet exhausted the twelve (12) month of full pay and benefits under her medical leave.

35. Further the Board ordered that Hendricks' application is not yet ripe because she has not exhausted all available Medical time off from the CPD, and because Hendricks has not received "certification" of her injury or illness from the CPD Medical Services Section.

6

36. This Order is an unconstitutional denial of Plaintiff's due process rights because the statute governing disability benefits states that a policeman who becomes disabled for any reason other than an act of duty, "*shall* receive ordinary disability benefit during any period or periods of disability exceeding 30 days, for which he does not have a right to receive any part of his salary."

37. Plaintiff has not had a right to receive any part of her salary for a period exceeding 30 days, and as a result of her disability, is eligible for disability benefits.

38. Plaintiff is informed and believes and alleges thereon that she is being deprived of her right to a disability hearing, at least in part, to prevent Plaintiff from obtaining disability benefits before her scheduled police board hearing upon which, if terminated, she would not be eligible for disability benefits.

39. The Defendants, and each of them, including unknown and unnamed defendants acted individually to deprive Plaintiff of her due process based upon the following reasons:

   a. Failing to timely make a disability application available to Plaintiff.

   b. Failing to give Plaintiff an appropriate hearing for her disability claim

   c. Holding a "hearing" among the members of the Retirement Board without notice and without the opportunity to present evidence as required by State law and regulations.

   d. Unlawfully determining that Plaintiff's claim for disability is not "ripe" (and thus disqualifying her from being able to obtain disability benefits) at a hearing in which she did not have notice, and for reasons that are contrary to State law.

40. By reason of the conduct of defendants and each of them, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

41. In engaging in the conduct described above, the defendants and each of them have damaged Plaintiff in that she has not received disability benefits to which she is entitled, and she has been intentionally placed in a position in which she will likely never be permitted to obtain disability benefits in that the Police Board is unlawfully seeking to terminate Plaintiff.

42. As a result of the foregoing, Plaintiff has lost and continues to lose disability benefits in an amount to be ascertained. Plaintiff has also suffered emotional distress in an amount to be ascertained.

43. The foregoing acts alleged above were unnecessary and unreasonable, in violation of state and federal law and were therefore in violation of Plaintiff's substantive and procedural due process rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

44. Plaintiff, Cherie Hendricks, seeks an award of damages, costs, and attorneys' fees, under Sections 42 U.S.C. sections 1983 and 1988 as her right not to be deprived of her due process rights were violated by the Defendants and each of them.

WHEREFORE, the Plaintiff, by and through her attorneys, ED FOX & ASSOCIATES, LTD., prays for judgment as against the Defendants, and each of them as follows:

1. With regard to Count I, Petitioner, CHERIE N. HENDRICKS, requests this Honorable Court to review the record filed in this matter and thereupon remand this matter to the Respondent with instructions to conduct a full evidentiary hearing or in the alternative

      reverse the Respondent's decision and award disability benefits to the Petitioner at the rate of 50% of her salary;

2. That Defendants, and each of them be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

3. That these same Defendants be required to pay Plaintiff's special damages;

4. That these same Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act of any other applicable provision;

5. That Defendants, and each of them be required to pay punitive and exemplary damages in a sum to be ascertained;

6. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

7. That Plaintiff have such other and further relief as this Court may deem just as proper.


                                            By: s/ Edward M. Fox
                                                  Edward M. Fox

ED FOX & ASSOCIATES, LTD.
300 W Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
efox@efoxlaw.com

**PLAINTIFF HEREBY REQUEST A TRIAL BY JURY**

                                            By: s/ Edward M. Fox
                                                Edward M. Fox

ED FOX & ASSOCIATES, LTD.
300 W Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
efox@efoxlaw.com